Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EFSTRATIOS HADJIKONSTANTINOU, <br><br> Plaintiff <br><br> v. <br><br> PRESSLER & PRESSLER, L.L.P <br><br> Defendant | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

EFSTRATIOS HADJIKONSTANTINOU ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PRESSLER & PRESSLER, L.L.P. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Bloomfield, New Jersey, 07003.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 7 Entin Road, Parsippany, New Jersey 07054.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On or around March 16, 2010, Defendant sent Plaintiff a collection letter. A true and correct copy of the March 16, 2010 letter is attached hereto as Exhibit "A".

18. At the top of Defendant's letter is a predominately featured legal letterhead indicating that the correspondence originates from a law firm. See Exhibit A.

19. Defendant's letter stated "this is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Bank account # xxxxxxxxxx88991" in the amount of $7,066.49. See Exhibit A.

20. Being from a law firm, Plaintiff interpreted the content as involving a legal claim in which he was alleged to be the debtor.

21. Defendant's letter went on to state; "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." See Exhibit A.

22. Despite saying that no attorney had personally reviewed the letter, Defendant informed Plaintiff of the consequences if Defendant's letter was ignored, by stating; "if you fail to contact this office, our client may consider additional remedies to recover the balance due." See Exhibit A.

23. Plaintiff was confused by the apparent contradiction, believing that an attorney would have to review the facts in order to make a threat of the type Defendant made.

24. The least sophisticated consumer, upon receiving the above communication from an attorney for a lender, would believe that the debt collection process had entered a phase where the lender was proceeding towards litigation to collect an alleged debt. No other

reasonable conclusion could be drawn from the wording used by Defendant.

25. The statements in *Exhibit A* have been held to constitute a violation of the FDCPA. See: <u>Dawn Lesher v. Law Offices of Mitchell N. Kay</u>, 2010 WL 2431826 (M.D. Pa. June 14, 2010).

26. When an attorney announces his involvement, the least sophisticated consumer can be fairly said to view the matter as having escalated into a serious and meaningful threat of litigation. See: <u>Lesher</u>, 2010 WL 243186*5

27. Further, in its March 16, 2010, letter, Defendant falsely stated to Plaintiff that he could dispute the debt or request validation of the debt, and if requested, it would provide verification of the debt. <u>See</u> Exhibit A.

28. Based upon Defendant's statements and the threat of additional collection activities, Plaintiff sent correspondence to Defendant disputing the debt and requesting validation. A true and correct copy of the March 18, 2010, letter is attached hereto as Exhibit "B".

29. On or about April 7, 2010, Defendant responded to Plaintiff's request for validation by sending a copy of the Discover card application, a one page billing statement and a computer print-out "Interest Report" to convince Plaintiff that the alleged debt was validated. True and correct copies of what Defendant sent are attached hereto as Exhibit "C".

30. Defendant tried to mislead Plaintiff by providing documents which did not establish a contractual relationship, nor the terms of the contract upon which the debt was based, statements starting with a zero balance, nor even documentation establishing Defendant's right to collect monies from Plaintiff. Those papers that were provided were insufficient and unsuitable for validation.

31. Despite not providing good faith validation of the alleged debt, Defendant resumed its collection efforts.

32. To date, nearly one year later and despite threats to the contrary, Defendant has not pursued additional measures such as filing a lawsuit against Plaintiff; thereby indicating it did not intend to take the action previously threatened in its March 16, 2010, letter to Plaintiff.

33. Upon information and belief, Defendant sought to collect a debt from Plaintiff using means which were intended to place him in fear of adverse consequences which Defendant never intended to carry out.

34. Upon information and belief, Defendant used its status as a law firm to emphasize the risk of additional collection measures if Plaintiff did not pay as demanded.

35. Defendant leveraged the impact of its professional designation "lawyer" and its letterhead to create a heightened sense of urgency to pay the amount claimed, even though Defendant admittedly failed to review Plaintiff's account.

36. Upon information and belief, Defendant acted in violation of the FDCPA and caused the Plaintiff harm.

## CONSTRUCTION OF APPLICABLE LAW

37. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

38. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit

& Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

39. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

40. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated § 1692e(3) of the FDCPA by falsely representing or implying that any individual is an attorney or that any communications is from an attorney, when it admitted that no attorney reviewed the account;

    e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    f. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt in the form of the letter and documents sent to Plaintiff;

    g. Defendant violated § 1692j of the FDCPA by unlawfully designing, compiling, and furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other then the creditor of such consumer is participating in the collection of or in attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not a participant;

    h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, EFSTRATIOS HADJIKONSTANTINOU, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EFSTRATIOS HADJIKONSTANTINOU, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: February 25, 2011             KIMMEL & SILVERMAN, P.C..


By: /s/ Amy L. Bennecoff
   Amy L. Bennecoff
   Attorney ID # AB 0891
   Kimmel & Silverman, P.C
   1930 E. Marlton Pike, Suite Q29
   Cherry Hill, New Jersey 08003
   Phone: (856) 429-8334
   Facsimile (856) 216-7344
   Email: abennecoff@creditlaw.com